No. 82-137

IN THE SUPREME COURT OF THE STATE OF MONTANA

1982

STATE OF MONTANA,

Plaintiff and Respondent,

vs.

GENE D. LEISCHNER,

Defendant and Appellant.

Appeal from:  District Court of the Fifth Judicial District,
In and for the County of Jefferson
Honorable Peter G. Meloy, Judge presiding.

Counsel of Record:

For Respondent:

Nick Rotering, Special Assistant Attorney General, Helena,
Montana
John Connor, Deputy County Attorney, Boulder, Montana

For Appellant:

Hull and Sherlock; Jeffrey M. Sherlock, Helena, Montana

Submitted on briefs:  August 19, 1982

Decided:  September 10, 1982

SEP 10 1982
Filed:

_____
Thomas J. Kearney
Clerk

Mr. Justice Frank B. Morrison, Jr., delivered the Opinion of the Court.

Appellant appeals from an order entered by the Fifth Judicial District Court of the State of Montana denying appellant conditional release from custody at Warm Springs State Hospital. We reverse.

By judgment entered February 2, 1977, appellant was committed to the custody of the superintendent of Warm Springs State Hospital, pursuant to the provisions of section 95-508, R.C.M., 1947 (now section 46-14-301(2), MCA). Appellant has resided at Warm Springs State Hospital since that date. On March 16, 1981, James Hamill, then Superintendent of Warm Springs State Hospital, petitioned for appellant's release on condition. Thereafter, on July 17, 1981, a new petition was filed entitled "Petition For Temporary Release For A Home Visit." In response to the filing of these petitions, the District Court directed two psychiatrists to examine the appellant and report to the court.

Appellant was examined by Drs. James Deming and William Harris of the staff, both of whom recommended appellant be released for home visits with twenty-four hour supervision. Appellant was further examined by Dr. Brian Davis of the Southwest Montana Mental Health Center in Helena, whose report, dated August 25, 1981, concurred in the recommendations of the staff psychiatrists.

A hearing was held before the District Court on January 21, 1982. The District Court entered an order February 23, 1982 finding it could not release appellant from custody absent proof that there was no potential for harm from the appellant. The court further found that it had no power to allow a temporary release from custody.

Appellant claims the District Court applied the wrong legal standard. Respondent, State of Montana, answers by agreeing with appellant and asks this Court to reverse the order entered by the District Court.

The applicable statute is section 46-14-302, MCA, which provides in pertinent part as follows:

> "Discharge or release upon motion of superintendent. (1) If the superintendent of Warm Springs state hospital believes that a person committed to his custody under 46-14-301 may be discharged or released on condition without danger to himself or others, he shall make application for the discharge or release of the person in a report to the court by which the person was committed and shall send a copy of the application and report to the county attorney of the county from which the defendant was committed."

Although the statute does not specifically refer to home visits, we hold that the above-quoted language governs an application for a home visit. The district courts of this State have jurisdiction to hear such applications and make a determination in accordance with the following language of section 46-14-302, MCA:

> "(4) . . .A hearing is considered a civil proceeding, and the burden is upon the committed person to prove by a preponderance of the evidence that he may safely be discharged or released."

The District Court held that the defendant had the burden of showing that there was "no potential for harm." This standard is not the proper legal standard enunciated by the statute.

Appellant's proof submitted at the hearing included home visits as part of the therapy program recommended by Warm Springs State Hospital. The State offered no evidence in opposition. Appellant satisfied his burden to prove by a preponderance of the evidence that he could safely be discharged for home visits.

We reverse the District Court and remand with directions to enter an order granting the relief sought by appellant.

_____
Justice

We Concur:

_____
Chief Justice

_____

_____

_____
Justices